## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01161-RM-NYW

MICHAEL S. FREEMAN II,

     Plaintiff,

v.

RAYTHEON TECHNOLOGIES CORPORATION,
U.S. DEPARTMENT OF DEFENSE,
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, and
U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES,

     Defendants.

---

## ORDER

---

Magistrate Judge Nina Y. Wang

This matter is before the court on the "Motion for Court to Appoint Person(s) to Issue Summons to Defendants, and Plaintiff's Invitation for Defendants to Submit a Waiver of Service" (the "Motion for Service") [Doc. 14, filed May 19, 2022] and the "Motion to Clarify Plaintiff's Mistakes and Update Status" (the "Motion to Clarify") [Doc. 19, filed May 27, 2022] (collectively, the "Motions"). The court considers the Motions pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated May 13, 2022, [Doc. 6], and the Memoranda dated May 24, 2022 [Doc. 16] and May 31, 2022 [Doc. 19]. The court has reviewed both Motions, the entire case file, and the applicable case law. For the reasons set forth below, the Motion to Clarify is **GRANTED** and the Motion for Service is **DENIED without prejudice**.

## BACKGROUND

Plaintiff Michael S. Freeman II ("Plaintiff" or "Mr. Freeman") initiated this civil action pro se by filing his Complaint and Jury Demand on May 9, 2022, [Doc. 1], and filed an

Employment Discrimination Complaint (the "Amended Complaint") on May 17, 2022. [Doc. 11]. Mr. Freeman paid this District's filing fee, *see* [Doc. 4], and thus does not proceed *in forma pauperis* in this matter. Upon Plaintiff's submission of the filing fee, the Honorable Gordon P. Gallagher directed that this case be drawn to a presiding judge. [Doc. 5]. The case was randomly reassigned to the Honorable Raymond P. Moore and referred to the undersigned Magistrate Judge. [*Id.*; Doc. 6]. On May 19, 2022, this court issued an Order directing Plaintiff to cure the deficiencies in his Amended Complaint—namely, that the Amended Complaint did not list any causes of action and did not clearly identify the alleged legal violations attributed to each Defendant. *See* [Doc. 13]. Finding that Plaintiff's Amended Complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure, the court ordered Plaintiff to file a Second Amended Complaint on or before June 21, 2022. [*Id.* at 7].

Plaintiff is a pro se electronic filer in this action, which means that he is able to submit court filings via this District's CM/ECF system. However, Mr. Freeman has habitually submitted documents to the court via both United States mail and email; for this reason, the docket reflects a number of duplicative filings in this case. *See, e.g.*, [Doc. 10; Doc. 14; Doc. 18; Doc. 19; Doc. 21]; *see also* [Doc. 12 (Judge Moore striking Plaintiff's second submitted copy of his original Complaint)].[1] On May 24, 2022, the Clerk of Court entered an Advisory Notice of Noncompliance With Court Rules/Procedures, informing Plaintiff that his Motion for Service violated court rules

---

[1] For this reason, a duplicate copy of Plaintiff's Amended Complaint was docketed on May 26, 2022 (i.e., after this court entered its order directing Plaintiff to cure the deficiencies in his Amended Complaint) which is not responsive to the court's order. *See* [Doc. 17]; *see also* [Doc. 19 (Plaintiff stating on May 27 that he "intends to submit a second Amended Complaint" in response to this court's order)]. In order to ensure clarity on the court's docket, the Clerk of Court is **DIRECTED** to reflect that the Amended Complaint filed at [Doc. 17] is duplicative of the Amended Complaint filed at [Doc. 11].

because it was not filed electronically. [Doc. 15]. The Clerk of Court advised Plaintiff that "future documents must be filed pursuant to D.C.COLO.LCivR 5.1(a) and 4.1(a) of the Electronic Case Filing Procedures (Civil cases)." [*Id.*].

Presently before the court are two motions: the Motion to Clarify, where Plaintiff acknowledges his erroneous duplicative filings, [Doc. 19], and the Motion for Service, wherein Plaintiff requests that the court appoint a person to effect service of process in this matter under Rule 4(c)(3) of the Federal Rules of Civil Procedure. [Doc. 14 at 2]. Being fully advised in the premises, the court considers Plaintiff's Motions below.

## ANALYSIS

### I.    The Motion for Service

Rule 4 of the Federal Rules of Civil Procedure provides that "[a]t the plaintiff's request, the court *may* order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3) (emphasis added). In his Motion, Mr. Freeman requests that the court enter "an order to appoint a person or persons to issue the Summons containing a copy of the new rendition of Plaintiff's Complaint to the Defendants in this case." [Doc. 14 at 1]. Plaintiff represents that he mailed "a previous rendition of the Complaint" to Defendants via certified mail and "also emailed the Court and copied emails to or associated with the named Defendants" on that email. [*Id.* at ¶¶ 1-2].[2] Now that Plaintiff expects to file a Second Amended Complaint, he seeks a court order appointing a "person or persons"[3] to effectuate service of that new pleading. Specifically, Plaintiff states that "[d]ue to financial strain," he is trying to limit his expenses, and while he can charge the expenses of serving Defendants to a credit

---

[2] The court does not pass on whether these methods are proper methods of service under Rule 4.

[3] While the United States Marshals Service ("USMS") is not mentioned in Plaintiff's Motion for Service, the USMS would be the entity appointed to effectuate service under Rule 4(c)(3).

card, this would "cause an undue burden on Plaintiff and contribute to further financial woes," as the balance on his credit card is close to his credit limit.  [*Id.* at ¶ 14].

"[W]here, as here, Plaintiff is not proceeding [*in forma pauperis*], the decision whether to order the U.S. Marshal to serve the Summons and Complaint is left to the sound discretion of the Court." *Palmer v. City & Cnty. of Denver*, No. 18-cv-01003-REB-STV, 2019 WL 1118025, at *2 (D. Colo. Jan. 8, 2019), *report and recommendation adopted*, 2019 WL 458910 (D. Colo. Feb. 6, 2019) (quotation omitted).  But ordering service by the USMS is a "costly and burdensome approach," *York v. Fed. Bureau of Prisons*, No. 07-cv-01297-EWN-KLM, 2008 WL 2410416, at *2 (D. Colo. June 11, 2008), and "'court orders directing service by marshal should not be issued unless they really are necessary.'"  *Hollywood v. Carrows California Fam. Restaurants*, No. CV 18-2098-JGB (GJS), 2018 WL 7461690, at *1 (C.D. Cal. Apr. 26, 2018) (quoting Fed. R. Civ. P. 4(c), advisory committee notes to 1981 amendments, 93 F.R.D. 255, 262 (1981)).  Courts have exercised their discretion and ordered service under Rule 4(c)(3) where, for example, the plaintiff was incarcerated and was thus limited in his ability to seek out and hire a private process server. *See Bloom v. McPherson*, No. 07-3258-SAC, 2010 WL 750255, at *1 (D. Kan. Mar. 2, 2010); *see also Vela v. Christian*, No. 3:20-cv-990-C-BH, 2021 WL 101538, at *2 (N.D. Tex. Jan. 12, 2021) (permitting USMS service where the plaintiff was incarcerated and his facility restricted his ability to access mail and library services due to COVID-19 pandemic).  Moreover, litigants who do not proceed *in forma pauperis* are "expected first to seek service by private means whenever feasible rather than impose the burden on the Marshal's Service."  *Thompson v. Williams*, No. 21-cv-00602-RM-KMT, 2021 WL 4748663, at *2 (D. Colo. Oct. 12, 2021) (quoting Fed. R. Civ. P. 4(c) advisory committee notes to 1981 amendments, 93 F.R.D. 255, 262 (1981)).

The court will **DENY** Plaintiff's Motion for Service **without prejudice**, as the court respectfully concludes that Plaintiff has not sufficiently established that financial hardships prevent him from effectuating service in this matter.   While he states that he is "suffering financial difficulties" and is near his credit limit on his credit card, Plaintiff does not inform the court whether he has a monthly income and if so, the amount of his income, and does not inform the court of his monthly necessary expenses or any specific information concerning the extent of his financial resources.   *See generally* [Doc. 14].   Nor does Plaintiff estimate the cost of serving Defendants himself.   *See* [*id.*].   Accordingly, the court is without sufficient information to determine whether USMS is truly *necessary* in this case, *Hollywood*, 2018 WL 7461690, at *1, and the court declines to exercise its discretion to order that the USMS undertake the "costly and burdensome" task at this juncture.   *See Ovalle v. Fresno Bee Newspapers*, No. CV08-6751 PSG (SHX), 2009 WL 398094, at *1 (C.D. Cal. Feb. 13, 2009) (denying request for USMS service where the plaintiff represented that he did not have the resources to hire a process server but where he "provided no proof of his lack of ability or resources"); *compare Rodriguez v. Trustees of Columbia Univ. in the City of New York*, No. 03CIV.4072(RMB)(DF), 2004 WL 1087264, at *2 (S.D.N.Y. May 14, 2004) (ordering USMS service after plaintiffs paid the filing fee where the plaintiffs submitted affidavits "detailing the limited income each has received in the last year, their monthly rent and other financial obligations").   For these reasons, the Motion for Service is **DENIED without prejudice**.

## II.     The Motion to Clarify

In his Motion to Clarify, Plaintiff explains the process by which he submitted duplicative filings to the court.   *See* [Doc. 19 at ¶¶ 2-4].   Plaintiff "moves the Court to review this document and incorporate it into [its] understanding of Plaintiff's case henceforth."   [Doc. 19 at 5].   The

court has reviewed the Motion to Clarify and understands the process by which Plaintiff submitted his duplicate filings.  Accordingly, the Motion to Clarify is **GRANTED**.

The court notes, however, that despite Plaintiff's acknowledgment of his mistake in his Motion to Clarify, he nevertheless submitted a duplicate copy of that Motion—the same document in which he represented that he would "cease" submitting duplicate filings.  *See* [Doc. 21]. Accordingly, it is hereby **ORDERED** that Plaintiff shall submit only one copy of all future filings submitted to the court.  As directed by the Clerk of Court, Plaintiff shall submit filings pursuant to D.C.COLO.LCivR 5.1(a) and 4.1(a) of the Electronic Case Filing Procedures (Civil cases).  *See* [Doc. 15].

## CONCLUSION

For these reasons, **IT IS ORDERED** that:

(1)     The Motion for Court to Appoint Person(s) to Issue Summons to Defendants, and Plaintiff's Invitation for Defendants to Submit a Waiver of Service [Doc. 14] is **DENIED without prejudice**;

(2)     The Motion to Clarify Plaintiff's Mistakes and Update Status [Doc. 19] is **GRANTED**;[4]

---

[4] **Error! Main Document Only.**Rule 72(a) of the Federal Rules of Civil Procedure provides that when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must issue a written order stating the decision.  Within fourteen (14) days after service of a copy of this Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).  Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order.  *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.* 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS,* 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").

(3)     The Clerk of Court is **DIRECTED** to designate the Amended Complaint docketed

at [Doc. 17] as **DUPLICATIVE** of the Amended Complaint docketed at [Doc. 11];

and

(4)     Plaintiff shall submit only one copy of all future filings submitted to the court.

DATED:  June 6, 2022                    BY THE COURT:

Nina Y. Wang
United States Magistrate Judge