IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01161-RM-NYW

MICHAEL S. FREEMAN II,

    Plaintiff,

v.

RAYTHEON TECHNOLOGIES CORPORATION,
U.S. DEPARTMENT OF DEFENSE,
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, and
U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES,

    Defendants.

## ORDER

Magistrate Judge Nina Y. Wang

    This matter is before the court on Plaintiff's "Motion to Reactivate Secretary of Defense as Defendant, Incorporate DOD's *De Facto* Notice of Right to Sue Letter, Issue a Response to DOD's *De Facto* Notice of Right to Sue Letter, and Request a Court-Appointed Attorney" (the "Motion") [Doc. 32]. The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated May 13, 2022, [Doc. 6], and the Memorandum dated June 29, 2022. [Doc. 33]. For the reasons set forth herein, the Motion is **GRANTED in part**, insofar as Plaintiff requests leave to amend his Second Amended Complaint, and **DENIED without prejudice in part**, to the extent Plaintiff requests that the court authorize pro bono representation in this matter.

### BACKGROUND

    Plaintiff Michael S. Freeman II ("Plaintiff" or "Mr. Freeman") initiated this civil action pro se by filing his Complaint and Jury Demand on May 9, 2022, [Doc. 1], and filed an Employment Discrimination Complaint (the "Amended Complaint") on May 17, 2022. [Doc. 11].

Mr. Freeman paid this District's filing fee, *see* [Doc. 4], and thus does not proceed *in forma pauperis* in this matter. Upon Plaintiff's submission of the filing fee, the Honorable Gordon P. Gallagher directed that this case be drawn to a presiding judge. [Doc. 5]. The case was randomly reassigned to the Honorable Raymond P. Moore and referred to the undersigned Magistrate Judge. [*Id.*; Doc. 6]. On May 19, 2022, this court issued an Order directing Plaintiff to cure the deficiencies in his Amended Complaint—namely, that the Amended Complaint did not list any causes of action and did not clearly identify the alleged legal violations attributed to each Defendant. *See* [Doc. 13]. Finding that Plaintiff's Amended Complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure, the court ordered Plaintiff to file a Second Amended Complaint on or before June 21, 2022. [*Id.* at 7]. Plaintiff filed a Second Amended Complaint on June 3, 2022, which remains the operative pleading in this action. [Doc. 24].

Plaintiff filed the instant Motion on June 29, 2022. [Doc. 32].[1] In this filing, Mr. Freeman seeks leave of court to (1) "reactivate Secretary Lloyd J. Austin III . . . in his official capacity as Secretary of Defense as a Defendant in these proceedings";[2] (2) amend his Second Amended Complaint "to incorporate the Department of Defense's . . . *de facto* Notice of Right to Sue letter received by Plaintiff on June 6, 2022"; (3) amend his Second Amended Complaint "to issue a response to [the] *de facto* Notice of Right to Sue letter"; and (4) "appoint a lawyer at no cost to the Plaintiff." [*Id.* at 1]. The court addresses these requests below.

---

[1] Mr. Freeman filed a version of this Motion on June 16, 2022, [Doc. 28], which was stricken for failure to confer pursuant to Local Rule 7.1(a). [Doc. 31].

[2] The Secretary of Defense was named as a Defendant in Plaintiff's Amended Complaint, [Doc. 11 at 6], but not in the Second Amended Complaint. *See* [Doc. 24 at 5].

## ANALYSIS

**I.     The Motion to Amend**

Mr. Freeman raises a number of requests in his Motion: (1) to "reactivate" the Secretary of Defense as a defendant in this matter; (2) to amend the Second Amended Complaint to incorporate what Mr. Freeman classifies as the Department of Defense's "de facto" Notice of Right to Sue Letter; and (3) to amend the Second Amended Complaint to respond to that letter. [*Id.* at 2-3]. The court construes all of these requests collectively as a request to amend Plaintiff's Second Amended Complaint. *See Gilbert v. Steed*, No. CIV.A. 07-3213-CM, 2008 WL 4826142, at *3 (D. Kan. Nov. 6, 2008) ("If [a plaintiff] seeks to add . . . additional defendants, the proper avenue is through a motion to amend.").

Plaintiff represents that Defendants do not oppose his requested relief. [Doc. 32 at 1-2]. Rule 15 of the Federal Rules of Civil Procedure states that "a party may amend its pleading only with the opposing party's written consent *or* the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis added). Because Plaintiff represents that he has the opposing parties' consent to file a Third Amended Complaint, the court **CONSTRUES** the Motion to Amend as an unopposed motion under Rule 15(a)(2) and will **GRANT** the Motion to Amend. *See Thompson v. Golden Corral Corp.*, No. CIV07-1158JB/LAM, 2008 WL 4104125, at *3 (D.N.M. Apr. 30, 2008). Plaintiff **SHALL FILE** a Third Amended Complaint on or before **July 26, 2022**. In so doing, Plaintiff **SHALL COMPLY** with the requirements of Local Rule 15.1(a), which requires Plaintiff to simultaneously file a Notice of Amended Pleading with a red-lined copy of the Third Amended Complaint. *See* D.C.COLO.LCivR 15.1(a).

The court again **ADVISES** Plaintiff that that his Third Amended Complaint must comply with Rule 8, which requires a <u>short and plain</u> statement of his claims. Fed. R. Civ. P. 8(a). In

other words, "rambling, disjointed factual allegations and vague, seemingly unrelated assertions of constitutional violations" do not satisfy this requirement. *Gibson v. City of Cripple Creek*, 48 F.3d 1231 (10th Cir. 1995); *see also Coosewoon v. United States*, No. CIV-18-199-D, 2018 WL 1221396, at *1 (W.D. Okla. Mar. 8, 2018) ("[D]ismissal is proper under Rule 8 where a pro se complaint is unreasonably long, rambling, and otherwise filled with irrelevant material.") (citing cases); *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (explaining that the "traditional pleading style [is] characterized by a short recitation of the facts followed by claims for relief").

Plaintiff is additionally **ADVISED** that although he seeks to amend his Second Amended Complaint to "respond to" the Department of Defense's letter, legal arguments are not appropriately raised in a complaint. *Guinn v. Jeffco Combined Cts.*, No. 12-cv-01887-PAB-BNB, 2013 WL 2295432, at *4 (D. Colo. May 24, 2013), *aff'd*, 537 F. App'x 790 (10th Cir. 2013). Rather, legal arguments should be raised in a response to a motion to dismiss (if any) filed by Defendants, or in a motion for summary judgment filed at the appropriate time. *Goldenhersh v. Aurora Loan Servs. LLC*, No. 10-cv-01936-WJM-BNB, 2011 WL 2473236, at *2 (D. Colo. June 22, 2011) (stating that one might expect "legal arguments and citations to authority . . . in a motion for summary judgment," but they are "not appropriate for a complaint."). Accordingly, Plaintiff is **ADVISED** that his Third Amended Complaint shall not contain legal arguments, but should instead set forth only the factual allegations necessary to state a <u>short and plain</u> statement of his claims for relief. <u>The failure to comply with Rule 8 may result in this court recommending that the Third Amended Complaint be stricken or that this case be dismissed without prejudice.</u> *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007) ("[A] failure to satisfy Rule 8 can supply a basis for dismissal" under Rule 41(b) of the Federal Rules of Civil Procedure.). In addition, given the number of amendments to the operative pleading at this point,

4

this court **SETS July 26, 2022** as the deadline for amendment of pleadings and joinder of parties in this matter.[3]

## II.   The Motion to Appoint Counsel

Next, Mr. Freeman requests that the court appoint him counsel in this matter. [Doc. 32 at 5]. He states that "[o]n two occasions, the Court has recommended that Mr. Freeman utilize the federal pro se clinic to assist him with his case . . . and this proposal would be an excellent potential solution to this." [*Id.*]. He asserts that the circumstances of this case—particularly, the complexity of the issues, his inability to obtain private counsel, and the interests of justice—warrant appointment of pro bono counsel in this matter. [*Id.* at 5-9].

The determination of whether to seek pro bono counsel in a civil case is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). But the court cannot appoint counsel; instead, the court can only <u>ask</u> an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (citing *Rachel v. Troutt*, 820 F.3d 390, 396-97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the

---

[3] Plaintiff is hereby **ADVISED** that any further attempts to amend his operative pleading after July 26, 2022 will be governed by Rule 16(b), in addition to Rule 15(a). Rule 16(b) of the Federal Rules of Civil Procedure states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)(4)'s good cause standard is much different than the more lenient standard contained in Rule 15(a)." *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001). In practice, this good-cause standard "requires the movant to show the '[deadline] *cannot be met* despite [the movant's] diligent efforts,'" *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.*, 771 F.3d 1230, 1240 (10th Cir. 2014) (emphasis added), and requires the moving party to establish an adequate explanation for any delay. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

appointment of counsel." *Id.* (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.*

In deciding whether to appoint counsel, the court considers all relevant circumstances, including but not limited to: (1) the nature and complexity of the action; (2) the potential merit of the claims or defenses of the unrepresented party; (3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and (4) the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel. D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv).

Upon review of the Motion, Mr. Freeman's filings, and the D.C.COLO.LAttyR 15(f) factors, the court concludes that appointment of counsel is not warranted at this time. As a preliminary matter, the court notes that under the Local Rules, the following unrepresented parties are eligible for appointment of pro bono counsel: (1) an unrepresented non-prisoner who has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915; (2) an unrepresented prisoner; or (3) after demonstrating limited financial means, an unrepresented non-prisoner who has paid the filing fee in full. D.C.COLO.LAttyR 15(e)(1). Here, Mr. Freeman is a non-prisoner who has not been granted leave to proceed *in forma pauperis* but has instead paid the filing fee. *See* [Doc. 4]. But in his Motion, Mr. Freeman does not attempt to "demonstrate[e] limited financial means." D.C.COLO.LAttyR 15(e)(1)(3); [Doc. 32]; *see also Fanning v. Ulta Salon, Cosms. & Fragrances Inc.*, No. 20-cv-03789-MEH, 2021 WL 5181922, at *1 (D. Colo. May 28, 2021) (finding that the plaintiff had demonstrated limited financial needs by submitting pay stubs to the court). Accordingly, the court cannot conclude that Mr. Freeman is eligible for appointment of pro bono counsel under the Local Rules.

Notwithstanding Plaintiff's failure to establish eligibility for pro bono counsel under Local Attorney Rule 15(e), the court finds that the nature and circumstances of this case do not necessitate appointment of counsel. With respect to the nature and complexity of this matter, Plaintiff states that appointment of counsel is warranted because he raises over 12 claims against six Defendants. [Doc. 32 at 6]. He states that "[o]ne of the primary hurdles that [he] will face is helping the Court to understand that *Jacobson v. Massachusetts*, 197 U.S. 11, 29 (1905) does not apply to this case nor to the COVID-19 vaccines in general." [*Id.* (emphasis omitted)]. But within his Motion, Plaintiff clearly articulates his legal arguments and the bases for them. *See generally* [*id.*]. In addition, the court reminds Plaintiff that because he proceeds pro se, the court will afford his filings liberal construction. The United States Court of Appeals for the Tenth Circuit has explained that "liberal construction of pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.'" *United States v. $9,020.00 In U.S. Currency*, 30 F. App'x 855, 858 (10th Cir. 2002) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). At bottom, the court is respectfully not persuaded that the issues presented in this case are so uniquely complex so as to warrant appointment of counsel at this time. *See Rucks*, 57 F.3d at 979 ("While we do not quarrel with [Plaintiff's] assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case."); *Lanier v. Bryant*, 332 F.3d 999, 1002, 1005-06 (6th Cir. 2003) (noting that "appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances").

In addition, Defendants have yet to respond to Plaintiff's operative pleading—and by this Order, Plaintiff will be granted leave to amend his Amended Complaint. Nor has this court held its initial Status Conference with the Parties. Accordingly, it is premature to make any determinations as to the merits of Plaintiff's claims or Defendants' potential defenses. *See Davis v. United States*, No. 20-cv-01348-CMA-NYW, 2020 WL 6206292, at *6 (D. Colo. Sept. 28, 2020), *report and recommendation adopted*, 2020 WL 6204258 (D. Colo. Oct. 22, 2020). Finally, though Mr. Freeman articulates an inability to secure private counsel by his own means, *see* [Doc. 32 at 9], such circumstances are unfortunately not unique. Insofar as Plaintiff's Motion can be construed as asserting that he lacks the financial resources to obtain private counsel, a person's financial status does not guarantee the right to counsel in civil cases. *See Vasquez v. U.S. Off. of Pers. Mgmt.*, 847 F. Supp. 848, 849 (D. Colo. 1994) ("There is no constitutional right to counsel simply because a litigant is indigent.").

Given the very early procedural posture of this case, the court finds Plaintiff's motion premature. Should the circumstances of this case change, Mr. Freeman may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to trial." (emphasis added)).[4] For these reasons, the Motion, to the extent it seeks appointment of pro bono counsel, is **DENIED without prejudice**.

---

[4] In addition, the court notes that in his Motion, Mr. Freeman requests that the court appoint him a lawyer who will "agree[] to dedicate 51% or more of his or her time working this case," or "allow Mr. Freeman to prescribe 10% of any future financial awards in this case to the lawyer as a bonus on top of his or her standard salary." [Doc. 32 at 11-12]. In the alternative, Mr. Freeman requests that a lawyer be assigned as a "consultant" for the purposes of Mr. Freeman seeking occasional legal advice. [*Id.* at 12]. Should Mr. Freeman seek to renew his Motion at an appropriate time, Mr. Freeman is hereby **ADVISED** that the court is not able to require any lawyer to spend a specific portion of his or her time on any given case. In addition, pursuant to the Local Rules, pro

## CONCLUSION

For these reasons, **IT IS ORDERED** that:

(1) The Motion to Reactivate Secretary of Defense as Defendant, Incorporate DOD's *De Facto* Notice of Right to Sue Letter, Issue a Response to DOD's *De Facto* Notice of Right to Sue Letter, and Request a Court-Appointed Attorney [Doc. 32] is **GRANTED in part** and **DENIED without prejudice in part**; [5]

(2) The deadline for joinder of parties and amendment of pleadings in this action is **SET** to **July 26, 2022**; and

(3) Plaintiff **SHALL FILE** a Third Amended Complaint on or before **July 26, 2022**, keeping in mind this court's directives set forth in this Order.

DATED:  July 5, 2022                                        BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

---

bono counsel generally "represent[s] the unrepresented party without remuneration," but if the unrepresented party is entitled to recover attorney fees or a monetary award or settlement, the attorney and the unrepresented party may enter into a fee agreement permitting the attorney to receive attorney fees that are earned." D.C.COLO.LAttyR 15(h).  Thus, any such agreements would be between Plaintiff and appointed counsel, if such counsel is appointed.

[5] Rule 72(a) of the Federal Rules of Civil Procedure provides that when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must issue a written order stating the decision.  Within fourteen (14) days after service of a copy of this Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).  Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order.  *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.* 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS,* 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").