IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01161-CNS-NRN

MICHAEL S. FREEMAN II,

Plaintiff,

v.

RAYTHEON TECHNOLOGIES CORPORATION,
U.S. DEPARTMENT OF DEFENSE,
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, and
U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES,

Defendants.

**REPORT AND RECOMMENDATION ON
DEFENDANT RAYTHEON TECHNOLOGIES CORPORATION'S MOTION TO
DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT (DKT. #42);
THE FEDERAL DEFENDANTS' MOTION TO DISMISS (Dkt. #43); and
PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT AGAINST RAYTHEON
TECHNOLOGIES CORPORATION (Dkt. #47)**

**N. REID NEUREITER
United States Magistrate Judge**

This case is before the Court pursuant to an Order (Dkt. #48) issued by Judge Charlotte N. Sweeney referring three motions:

- Defendant Raytheon Technologies Corporation's ("Raytheon") Motion to Dismiss Plaintiff's Third Amended Complaint. (Dkt. #42.) Plaintiff Michael S. Freeman, proceeding pro se,[1] filed a response (Dkt. #46), and Raytheon filed a reply. (Dkt. #51.)

---

[1] Because Mr. Freeman proceeds pro se, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in

- Defendants U.S. Department of Defense ("DoD"), Secretary of Defense Lloyd J. Austin III, Equal Employment Opportunity Commission ("EEOC"), U.S. Department of Health & Human Services ("HHS"), and Secretary of the Department of Health & Human Services Xavier Becerra's (collectively, the "Federal Defendants") Motion to Dismiss (Dkt. #43), to which Plaintiff responded (Dkt. #50), and the Federal Defendants replied. (Dkt. #58.)[2]

- Plaintiff's Motion for Summary Judgment Against Raytheon Technologies Corporation (Dkt. #47), which the Court stayed briefing on pending a ruling on the motions to dismiss. (*See* Dkt. #55.)

The Court has taken judicial notice of the docket and considered the applicable Federal Rules of Civil Procedure and case law. Now, being fully informed and for the reasons discussed below, the Court makes the following recommendations.

## BACKGROUND[3]

Plaintiff's 79-page, 230 paragraph-long Third Amended Complaint can be abridged as follows. Plaintiff was hired as a schedule analysis manager at Collins Aerospace, a Raytheon subsidiary, in February 2021. (Dkt. #38 ¶ 4, 9.) He suffers from beta thalassemia, genetic blood disorder that causes anemia-like symptoms. (*Id.* ¶ 1.)

---

ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

[2] The Court also considered Plaintiff's surreply (Dkt. #59) and his Opposed Motion to Update the Court on a Recent Development (Dkt. #61) and the Federal Defendants' response thereto. (Dkt. #62.)

[3] The following allegations are taken from Plaintiff's Third Amended Complaint (Dkt. #38) and all non-conclusory allegations are presumed true for the purposes of the motions to dismiss. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

2

This lawsuit centers on Raytheon's (or, more accurately, Collins Aerospace's) COVID-19 policies, adopted in September 2021, which Plaintiff describes as follows:

> Raytheon's Vaccine Policy is that all employees must either complete a COVID-19 vaccine regiment or get approved for a Reasonable Accommodation in lieu of vaccination. If approved for a Reasonable Accommodation, the only Reasonable Accommodation option provided for unvaccinated employees is to be switched to primarily work from home (unless you were absolutely essential to be onsite), complete a weekly COVID-19 test, and test negative for COVID-19 a maximum of 72 hours prior to entering a Raytheon facility, and wear a facemask at all times while onsite—vaccinated employees were not required to make such an agreement. Declaration of vaccination status prior to implementation of the aforementioned policy was required under threat of termination of employment.

(*Id.* ¶ 10.)

On October 1, 2021, the DoD issued a memorandum directing its contracting agents to insert a COVID safety protocol provision in new defense contracts. (*Id.* ¶¶ 36, 39.) Federal district courts enjoined this requirement, and on December 9, 2021, the DoD issued another memorandum instructing contracting officers not to enforce the COVID provision in contracts and not to include the provision in new contracts. (*Id.* ¶¶ 42–43.)

Plaintiff sought from Raytheon an accommodation for beta thalassemia, and also questioned the safety and efficacy of the existing vaccines. (*Id.* ¶ 37.) His accommodation request was approved, but he was subjected to the above testing, masking, and work from home requirements that only applied to non-vaccinated employees. (*Id.* ¶ 44.) On January 20, 2022, Plaintiff informed his supervisor at Collins Aerospace and a human resources representative that he would not comply with the policy as applied and his employment was terminated on January 28, 2022. (*Id.* ¶¶ 46–47.)

Plaintiff filed an EEOC complaint against Raytheon and the DoD in March 2022. (*Id.* ¶ 48.) On March 14, 2022, the EEOC published a question-and-answer guidance document on its website (the "March 14 Guidance") stating that testing administered by employers would not violate the ADA if the employers followed current guidance from the Center for Disease Control and Prevention ("CDC"). (*Id.* ¶¶ 51, 199.) In October 2021, the CDC had published recommendations "that employers frequently test unvaccinated asymptomatic employees for COVID-19, among other recommendations." (*Id.* ¶ 40.) In response to the March 14 Guidance, on April 4, 2022, Plaintiff filed an EEOC complaint against the EEOC and HHS.[4] (*Id.* ¶ 54.)

Plaintiff generally alleges that the Federal Defendants are liable for condoning the discriminatory and retaliatory practices of Raytheon, a major defense contractor. (*Id.* ¶ 14.) Specifically, Plaintiff alleges that he had a "proxy employer-employee relationship" with the DoD (*Id.* ¶ 62.) He also claims that the EEOC "went out of their [sic] way to retroactively enact a policy authorizing this form of baseless discrimination . . . ." (*Id.* ¶ 69.) As for the HHS, he alleges that it "is so marred with deeply flawed-analyses, regulatory capture by large pharmaceutical interests, and massive conflicts of interest that their organization cannot and should not be granted the latitude necessary to implement such an unscientific policy that accomplishes nothing in terms of protecting public health or the Plaintiff." (*Id.*)

Plaintiff asserts thirteen claims for relief:

---

[4] The CDC is a division of the HHS.

- Claim One: a claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, for "disability and genetic discrimination" against all Defendants;
- Claim Two: a Title VII claim for "retaliation for engaging in protected activity" against all Defendants;
- Claim Three: a 42 U.S.C. § 1981 claim for "discriminatory treatment because of disability and genetic condition" against all Defendants;
- Claim Four: a 42 U.S.C. § 1981 retaliation claim against all Defendants;
- Claim Five: a First Amendment claim against the Federal Defendants;
- Claim Six: a Fourth Amendment claim against the Federal Defendants;
- Claim Seven: a Fifth Amendment claim against the Federal Defendants;
- Claim Eight: an Eighth Amendment claim against the Federal Defendants;
- Claim Nine: a Ninth Amendment claim against the Federal Defendants;
- Claim Ten: a Fourteenth Amendment claim against the Federal Defendants;
- Claim Eleven: a claim against the Federal Defendants for violating "the principles of informed consent established in the Nuremberg Code and 16 CFR § 1028.116";
- Claim Twelve: a claim for injunctive relief against the Federal Defendants for violating 5 U.S.C. § 706(2)(A)–(B); and
- Claim Thirteen: a claim against the Federal Defendants for violating "clearly established statutory or constitutional rights."

Defendants move for dismissal of all claims. The Court will address the motions in turn.

**ANALYSIS**

**I. Raytheon's Motion to Dismiss (Dkt. #42)**

Raytheon argues that the four claims asserted against it (Claims One, Two, Three, and Four)[5] are subject to dismissal under Rules 8 and 12 of the Federal Rules of Civil Procedure. The Court agrees.

**a. Rule 8**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See also* Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct."). The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Therefore, prolix, vague, or unintelligible pleadings violate Rule 8. Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted, and enables a defendant to respond to the claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th

---

[5] Plaintiff confirms in his response that he does not assert the remaining claims against Raytheon. (*See* Dkt. #46 at 12.)

6

Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The degree of specificity necessary to establish plausibility and fair notice, as required under Rule 8(a)(2), depends on the type of case. *See id.* at 1248 ("A simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing a particular highway on a specified date and time.").

Although allowance may be made for some deficiencies in a pro se pleading, such as failure to cite appropriate legal authority or confusion of legal theories, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also Whitney*, 113 F.3d at 1175 (the court will not "construct a legal theory on a plaintiff's behalf"). A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Nw. Airlines,*

*Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).

### b. Rule 12(b)(6)

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pled allegations in the Third Amended Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). As noted above, a claim is subject to dismissal if it fails to state a claim for relief that is "plausible on its face." *Ashcroft*, 556 U.S. at 678. To make such an assessment, the Court first discards those averments in the Third Amended Complaint that are merely legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678–79. The Court takes the remaining, well-pled factual contentions, treats them as true, and ascertains whether those facts (coupled, of course, with the law establishing the requisite elements of the claim) support a claim that is "plausible" or whether the claim being asserted is merely "conceivable" or "possible" under the facts alleged. *Id.* What is required to reach the level of "plausibility" varies from context to context, but generally, allegations that are "so general that they encompass a wide swath of conduct, much of it innocent," will not be sufficient. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

### c. Discussion

In this case, (then-Magistrate, now District) Judge Nina Y. Wang has already advised Plaintiff that "rambling, disjointed factual allegations and vague, seemingly

8

unrelated assertions of constitutional violations" do not satisfy Rule 8's requirement of a short and plain statement. (*See* Dkt. #13 at 6 (quoting *Gibson v. City of Cripple Creek*, 48 F.3d 1231 (10th Cir. 1995)). Plaintiff's Third Amended Complaint, like those that preceded it, is unnecessarily long and peppered with irrelevant material. It also fails to cure the deficiency specifically noted by Judge Wang that, "[w]ith respect to Raytheon, although Plaintiff generally invokes principles of disability discrimination, genetic discrimination, and/or retaliation in the context of three federal statutes, he does not identify any specific claims raised under any statute or the theories upon which those claims rely." (*Id.* at 4.) Plaintiff attempts to excuse his inability to follow the instructions of the Court and the Federal Rules of Civil Procedure by citing his pro se status, but, as Judge Wang informed Plaintiff, his pro se status "does not excuse him from complying with the procedural rules that govern all civil actions filed in this District—namely, the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado." (*Id.* at 2 (citing *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008)).) Plaintiff's Third Amended Complaint can and should be dismissed on these grounds alone.

However, the Court also finds that Plaintiff fails to state a claim against Raytheon under Rule 12(b)(6). Plaintiff's Title VII claims (Claims One and Two) are based on his "disability" and "genetic condition." (Dkt. #38 ¶¶ 73, 85.) But Title VII creates a cause of action for discrimination based on an individual's "race, color, religion, sex, or national origin." *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 457 (1975). The Third Amended Complaint does not allege discrimination against Plaintiff because of his membership in one of these protected groups, and Title VII does not support claims for

9

disability discrimination. *See* 42 U.S.C. § 2000e-2; *Omogbehin v. Cino*, 485 F. App'x 606, 609 (3d Cir. 2012) ("Title VII does not prohibit disability discrimination and related retaliation."); *Snay v. United States Postal Serv.*, 31 F.Supp.2d 92, 100 (N.D.N.Y. 1998) ("Title VII does not cover disability discrimination.").

Plaintiff concedes the point but asks that the Court construe his claims as actually being brought under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, and the Genetic Information Nondiscrimination Act of 2008 ("GINA"), pointing out that he cites these statutes (almost 50 pages later) in the "Relief Requested from the Court" section of his Third Amended Complaint. But this just highlights the manifest shortcomings of the pleading and why it violates Rule 8. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a plaintiff fulfills his Rule 8 obligations by explaining what each defendant did to him, when the defendant did it, how the defendant's action harmed him, and what specific legal right he believes the defendant violated). And it is "not the district court's job to stitch together cognizable claims for relief from the wholly deficient pleading." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Plaintiff's Title VII claims should be dismissed.

Plaintiff encounters similar problems with his § 1981 claims (Claims Three and Four). Section 1981 gives "all persons . . . the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property *as is enjoyed by white citizens*." 42 U.S.C. § 1981(a) (emphasis added). This section, then, prohibits racial

discrimination, not disability discrimination. *See Davies v. Polyscience, Inc.,* 126 F. Supp. 2d 391, 393 (E.D. Pa. 2001) ("[Section] 1981 liability does not extend to discrimination based on disability."). Therefore, Plaintiff's § 1981 claims should likewise be dismissed.

Finally, even if the Court were to construe Plaintiff's employment discrimination claims against Raytheon as being asserted under the ADA and GINA, they still fail because, according to Plaintiff's Third Amended Complaint itself, Collins Aerospace, not Raytheon, was Plaintiff's employer. Plaintiff states that "Raytheon is the parent company of Collins Aerospace, the company subsidiary that Plaintiff worked for." (Doc. 38 ¶ 4.) He further alleges that "he was hired by the Collins Aerospace in February of 2021 as a Schedule Analyst Manager." (*Id.* ¶ 9.) He states he complained about the COVID policy "via email to Collins Aerospace Human Resources," (*id.* ¶ 11), and that he informed his supervisor and a human resource representative that he would not follow it on January 20, 2022. (*Id.* ¶ 46.) Then, according to Plaintiff's response, his employment with Collins Aerospace was subsequently terminated. (*See* Dkt. #46 at 8 (stating that "the termination was executed by Collins Aerospace employees").) In short, Plaintiff fails to adequately allege that Raytheon was his employer or that Raytheon terminated him. Plaintiff should have named Collins Aerospace as a defendant for any employment discrimination claim.

### III. The Federal Defendants' Motion to Dismiss (Dkt. #43)

The Federal Defendants argue that Plaintiff's claims should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) and for failing to state a claim under Rule 12(b)(6). Again, the Court concurs.

The Court first notes that Plaintiff has abandoned his Eighth and Fourteenth Amendment claims. (*See* Dkt. #50 at 26, 27.) Accordingly, these claims should be dismissed.

In his response brief, Plaintiff further requests that his claim for injunctive relief contained in Claim Twelve be dismissed as to the EEOC. (*See id.* at 12, 37.) And in his surreply (Dkt. #59 at 13–14), he confirms that he no longer seeks injunctive relief against either the EEOC or the HHS (via the CDC) at this time.[6] The Court agrees that the APA claim is moot because the EEOC no longer takes the approach, outlined in its March 14, 2022 Guidance, that ""[t]esting administered by employers consistent with current CDC guidance will meet the ADA's 'business necessity' standard." (*See* Dkt. #38 ¶ 199.) Similarly, on August 11, 2022, the CDC issued new guidance that no longer recommends that employers distinguish between vaccinated and unvaccinated employees and no longer recommends screening for asymptomatic individuals in most community settings. (*See* Dkt. # 58 at 11–13 n.6.) Claim Twelve should be dismissed.

Plaintiff also concedes that his Title VII claims and § 1981 claims cannot be maintained as pled, but again requests that the Court construe his Third Amended Complaint to assert discrimination claims under the "ADA, GINA, and applicable Constitutional and retaliatory laws." (*Id.* at 14–15.) Regardless of Plaintiff's pro se status, the Federal Defendants are not obligated to anticipate what claims Plaintiff

---

[6] Plaintiff states that dismissal is warranted on the APA claim but that he wants "Leave to Amend alongside dismissal." (Dkt.# 59 at 14.) This makes little conceptual sense—the Court cannot keep this matter open indefinitely in case the Federal Defendants decide to institute some repugnant policies in the future, and, in any event, Plaintiff has not sought leave to amend. The Court must assume that Plaintiff requests that dismissal of Claim Twelve be without prejudice.

should have made or meant to make. Nor can the Court manufacture claims for Plaintiff that are not contained in his pleading. Plaintiff has had several opportunities to state his case in a clear and concise manner. He has chosen not to do so. And, as is discussed below, these claims are barred by sovereign immunity in any event.

That said, the Court will now address the Federal Defendants' jurisdictional and substantive arguments.

### a. Jurisdictional Defects

The Federal Defendants first argue that Claims One, Two, Three, Four, Eleven, and Thirteen are barred by sovereign immunity.

Sovereign immunity shields the United States and its agencies from suit and deprives federal courts of jurisdiction to consider such claims. S*an Juan Cnty., Utah v. United States*, 754 F.3d 787, 792 (10th Cir. 2014). This is so unless "Congress unequivocally expresses its intention to waive the government's sovereign immunity in the statutory text." *Governor of Kan. v. Kempthorne*, 516 F.3d 833, 841 (10th Cir. 2008) (internal quotation marks omitted).

"[A] motion to dismiss based on sovereign immunity is treated as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)" *Neiberger v. Hawkins*, 150 F. Supp. 2d 1118, 1120 (D.Colo.2001). Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya*, 296 F.3d at 955 (10th Cir. 2002). Statutes conferring subject matter jurisdiction on federal courts are to be strictly construed. *F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject matter

jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. With a factual attack, the moving party challenges the facts upon which subject matter jurisdiction depends. *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987), *cert. denied*, 484 U.S. 986 (1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

Turning to the claims at issue, while Congress has waived sovereign immunity in Title VII suits where the federal government is the employer, *see Lindstrom v. United States*, 510 F.3d 1191, 1195 (10th Cir. 2007), Plaintiff alleges that he was employed by Collins Aerospace, not a federal agency. (*See, e.g.,* Dkt. #38 ¶ 9 ("Mr. Freeman was hired by the Collins Aerospace in February of 2021 as a Schedule Analysis Manager.").) He has not shown that Congress has waived sovereign immunity under Title VII for suits

by private employees against private employers, even if those employers happen to government contractors.

Plaintiff again argues that he meant to bring these claims under the ADA and GINA. This is unavailing, not only because the ADA does not apply to federal employers, *see Brown v. Austin,* 13 F.4th 1079, 1084 n.3 (10th Cir. 2021),[7] but also because Claims One and Two are based on *employment* discrimination, and Plaintiff was not employed by the federal government.

Plaintiff argues at length, in the Third Amended Complaint and his response, that the DoD was a joint employer with Raytheon. Putting aside that Plaintiff himself alleges that he was employed by Collins Aerospace, not Raytheon, his "joint employer" argument is untenable. "Under the joint employer test, two entities are considered joint employers if they share or co-determine those matters governing the essential terms and conditions of employment." *Knitter v. Corvias Mil. Living, LLC,* 758 F.3d 1214, 1226 (10th Cir. 2014) (quotations omitted). "Both entities are employers if they both exercise significant control over the same employees." *Id.* (quotations omitted). "Most important to control over the terms and conditions of an employment relationship is the right to terminate it under certain circumstances . . . ." *Id.* (quotations omitted). Additional factors courts consider for determining control under the joint employer test include the ability to "promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; . . . day-to-day supervision of employees, including employee discipline; and . . . control of employee records, including payroll,

---

[7] Plaintiff points out that the Rehabilitation Act permits such suits against federal agencies. However, unlike the ADA and GINA, the Third Amended Complaint does not even mention the Rehabilitation Act in passing, much less premise a claim on it.

insurance, taxes and the like." *Id.* (quoting *Butterbaugh v. Chertoff*, 479 F. Supp. 2d 485, 491 (W.D. Pa. 2007)).

Plaintiff lists various reasons why he thinks the DoD should be considered a joint employer, including his own experience as a federal contractor with a "highly specialized skillset" and the importance of Raytheon's work to the DoD. (*See* Dkt. #38 ¶ 65.) But he does not allege that the DoD had the right to terminate him, or that it supervised, disciplined, or otherwise set any of the conditions of his employment. Instead, it was Collins Aerospace who hired Plaintiff, who promulgated and enforced the complained-of COVID policies, and who fired him when he refused to comply. Moreover, Plaintiff's position that the DoD's "vaccine or test policy," which was instituted and then suspended *after* Raytheon's COVID requirements were put in place, "alters the relationship of Plaintiff (and all federal Contractors) into a proxy employer-employee relationship with Defendant DoD" (Dkt. #38 ¶ 62) is absurd on its face. Claims One and Two should be dismissed.

Congress has also not waived immunity to suits brought under § 1981. *See Brown v. Fed. Bur. of Prisons*, No. 11-cv-3191-WYD-BNB, 2012 WL 6774822, at *9 (D. Colo. Dec. 7, 2012) ("Sovereign immunity bars suits against the United States, its agencies, and officers acting in their official capacities that are brought pursuant to civil rights statutes"), *report and recommendation adopted*, 2013 WL 66503 (D. Colo. Jan. 4, 2013); *Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 286 (5th Cir.1999) ("This Court has long recognized that suits against the United States brought under the civil rights statutes are barred by sovereign immunity."); *Beal v. Blount*, 461 F.2d 1133, 1137 (5th Cir. 1972) (declaring a suit brought in part under §§ 1981–1988

16

was the sort "barred by the doctrine of sovereign immunity"). Therefore, even if he could state a § 1981 claim (and he cannot), Plaintiff lacks jurisdiction to assert civil rights claims for damages against the Federal Defendants.

Claim Eleven is brought under the "Nuremberg Code banning coercion of persons to participate in medical experiments" and 16 C.F.R. § 1028.116, which, he alleges, bans "coercion of persons to participate in a medical experiment." (Dkt. # 38 ¶¶ 185–86.) Claim Thirteen is brough pursuant to 5 C.F.R. § 2635.101(b), which details ethics rules for executive branch personnel. (*Id.* ¶ 221.) As the Federal Defendants demonstrate, there is no private right of action for violations of these regulations. *See* Dkt. 43 at 19–20 (citing *Reed v. Tyson Foods, Inc.*, No. 21-cv-1155, 2022 WL 2134410, at *12–*13 (W.D. Tenn. June 14, 2022) (dismissing a challenge to a COVID vaccine mandate by a private employer under the Nuremberg Code, finding "no private right of action"); *Robertson ex rel. Robertson v. McGee*, No. 01-cv-60, 2002 WL 535045, at *3 (N.D. Okla. Jan. 28, 2002) ("no private right of action" under Nuremberg Code, citing cases); *cf. Crosby v. Austin*, No. 8:21-cv-2730, 2022 WL 603784, at *1 (M.D. Fla. March 1, 20 2022) (no right of action under an analogous "informed consent" statute, 21 U.S.C. § 360bbb-3); *Norris v. Stanley*, No. 1:21-cv-756, 2022 WL 247507, at *5 (W.D. Mich. Jan. 21, 2022) (same)); *see also* 5 C.F.R. § 2635.106(c) ("A violation of this part of supplemental agency regulations, as such, does not create any right or benefit, substantive or procedural, enforceable at law by any person against the United States, its agencies, its officers or employees, or any other person."); *Scherer v. United States*, 241 F. Supp. 2d 1270, 1285 (D. Kan. 2003) (dismissing a claim based upon the ethics standards because the plaintiff had "no right of action"). Logically, if there is no right of

private action, there is no implication that Congress intended any waiver of sovereign immunity.

Similarly, to the extent Plaintiff intends to assert a claim against the EEOC the way it handled or processed his discrimination claim (*see* Dkt. #38 ¶¶ 69, 77, 87, 96, 106, 130, 142, 155, 168, 179, 190 (complaining that the EEOC "retroactively authorized these unlawful discriminatory practices")), such a claim must fail. In *Scheerer v. Rose State College*, 950 F.2d 661, 663 (10th Cir. 1991), the Tenth Circuit recognized that courts have uniformly rejected the notion that a plaintiff has a cause of action against the EEOC for challenges to the processing of an administrative claim.

Accordingly, Claims One through Four, Eleven, and Thirteen should be dismissed under Rule 12(b)(1) for lack of jurisdiction.

### b. Constitutional Violations

Plaintiff cannot maintain any of the remaining constitutional claims against the Federal Defendants.

Plaintiff's First, Fourth, and Fifth Amendment claims (Claims Five, Six, and Seven) fail for lack of state action. The COVID policies at the heart of Plaintiff's Third Amended Complaint were implemented by his employer, Collins Aerospace. Private parties are not liable for constitutional violations unless they are "jointly engaged with the state officials in the conduct allegedly violating the federal right." *Janny v. Gamez*, 8 F.4th 883, 919 (10th Cir. 2021); *see also Sharp Corp. v. Hisense USA Corp.,* 292 F. Supp. 3d 157, 175 (D.D.C. 2017) ("It is axiomatic that to elicit First Amendment protection, the infringement upon speech or petition rights must have arisen from state action of some kind.") (quotations omitted)); *Gallagher v. Neil Young Freedom Concert*,

49 F.3d 1442, 1446 (10th Cir. 1995) ("only unreasonable searches and seizures conducted by the government and its agents are prohibited" by the Fourth Amendment); *Behagen v. Amateur Basketball Ass'n of U.S.*, 884 F.2d 524, 530 (10th Cir. 1989) ("It is axiomatic that the fifth amendment applies to and restricts only the Federal Government and not private persons." (quotations omitted)). The constitutional distinction between governmental action and private conduct "avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed." *Gallagher*, 49 F.3d at 1447 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)). While Plaintiff maintains that "[g]overnment policies and actions have exerted a strong influence on the policies of Raytheon to such a degree to warrant their status as Defendants in this suit" (Dkt. #50 at 15), he admits that the government's COVID protocols were not even being enforced at the time of his termination. (*See* Dkt. #38 ¶¶ 42, 76.) Plaintiff cannot state constitutional claims against the Federal Defendants based on Plaintiff's conditions of employment with Collins Aerospace, a private actor.

Finally, because "[t]he Ninth Amendment is not an independent source of individual rights." *Holmes v. Town of Silver City*, 826 F. App'x 678, 681–82 (10th Cir. 2020), Claim Nine fails as a matter of law.

### III. Plaintiff's Motion for Summary Judgment (Dkt. #47)

As the Court has found Plaintiff has failed to state a claim against Raytheon, Plaintiff's motion for summary judgment against the company should be denied.

### RECOMMENDATION

Accordingly, it is hereby **RECOMMENDED** that:

- Defendant Raytheon Technologies Corporation's Motion to Dismiss Plaintiff's Third Amended Complaint (Dkt. #42) be **GRANTED**;

- The Federal Defendants' Motion to Dismiss (Dkt. #43) be **GRANTED**; and
- Plaintiff's Motion for Summary Judgment Against Raytheon Technologies Corporation (Dkt. #47) be **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge,** *Thomas v. Arn,* **474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.** *Makin v. Colo. Dep't of Corr.,* **183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse,* **91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:   February 10, 2023
        Denver, Colorado

N. Reid. Neureiter
United States Magistrate Judge