IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-01161-CNS-NRN

MICHAEL S. FREEMAN, II,

    Plaintiff,

v.

RAYTHEON TECHNOLOGIES CORPORATION,
U.S. DEPARTMENT OF DEFENSE,
EQUAL EMPLOYMENT AND OPPORTUNITY COMMISSION, and
U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiff's Opposed Motion for Revocation of Final Judgement [*sic*], Recusal of Magistrate Judge and District Court Judge, Leave to File Fourth Amended Complaint, and Request for Advisement to Defendants (ECF No. 77). For the following reasons, Plaintiff's motion is DENIED.

### I. SUMMARY OF ORDER FOR PRO SE PLAINTIFF

You started this lawsuit on May 9, 2022, raising claims against Raytheon Technologies Corporation, the U.S. Department of Defense, the Equal Employment and Opportunity Commission, and the U.S. Department of Health and Human Services about your termination from Collins Aerospace for refusing to comply with their COVID-19 protocols for unvaccinated employees. After the Defendants filed their motions to dismiss your Third Amended Complaint,

Case No. 1:22-cv-01161-CNS-NRN   Document 90   filed 06/28/23   USDC Colorado   pg 2 of 9

the Magistrate Judge recommended that the Court grant the two motions to dismiss and deny your motion for summary judgment. The Court adopted the Magistrate Judge's Report and Recommendations in full, which resulted in the dismissal of all of your claims. Final judgment was entered on March 24, 2023, which effectively closed your case.

In your most recent motion, you requested that the Court vacate or set aside the judgment, immediately recuse itself from the case, allow you to file a Fourth Amended Complaint, and issue an advisement to the Defendants. The Court is denying all of these requests and will explain why it is doing so further below. The Order will discuss the legal authority that supports this conclusion. This Order leaves the entry of final judgment in effect.

## II.  BACKGROUND

The relevant facts giving rise to this action are set forth in this Court's Order Adopting the Magistrate Judge's Report and Recommendations (*see* ECF No. 75 at 2–4). In adopting the Magistrate Judge's recommendations, the Court granted Defendants' two motions to dismiss (ECF Nos. 42, 43) and denied Plaintiff's motion for summary judgment (ECF No. 47). As a result of these dispositions, all claims in Plaintiff's Third Amended Complaint were dismissed (ECF No. 38), and the Clerk of Court made an entry of final judgment on March 24, 2023 (ECF No. 76).

In the instant motion, Plaintiff now seeks relief in the form of (i) vacating or setting aside the judgment, (ii) the immediate recusal of the Magistrate Judge and District Court Judge from further involvement in this matter, (iii) leave to file a Fourth Amended Complaint, and (iv) an advisement to Defendants. As explained in full below, the Court DENIES each of these requests.

### III. ANALYSIS

**a. Under 28 U.S.C. § 455, recusal of the Magistrate Judge and District Court Judge is unwarranted.**

Plaintiff moves pursuant to 28 U.S.C. § 455 for the immediate recusal of the Magistrate Judge and District Court Judge currently assigned to this case (ECF No. 77 at 4–7). In his recusal motion, Plaintiff essentially argues that, if the final judgment entered on March 24, 2023 is ultimately set aside, the Court should be disqualified from adjudicating this matter going forward because its prior Orders demonstrate either that the Court did not read his filings, did not understand them, or willfully misconstrued them in an effort "to shield the Defendants from this suit" (*id.*; *see id.* at 4). The Court rejects these arguments.

Section 455(a) provides that a federal judge "shall disqualify" themselves "in any proceeding in which [their] impartiality might reasonably be questioned." Under § 455(a), "disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020) (quotation omitted). This standard is "purely objective," and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). A federal judge must also disqualify themselves if they harbor "a personal bias or prejudice concerning a party," among other grounds not alleged here. 28 U.S.C. § 455(b)(1). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and where written orders show no "reliance upon an extrajudicial source," they "only in the rarest circumstances evidence the degree of favoritism or antagonism required" for recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Similarly, alleged mistakes by the district court may constitute "grounds for appeal, not for recusal." *Id.*

3

Here, Plaintiff fails to persuade that any basis for recusal set forth in § 455 applies. The gravamen of Plaintiff's recusal arguments appears to be that he perceives the Court to have "fabricated" arguments and made "false statement[s]" favorable to Defendants in its written Orders, and that "the current Judges either didn't read Plaintiff's filings or simply wanted to dismiss the case" rather than giving his arguments serious consideration (ECF No. 77 at 4, 5). These unsubstantiated and unreasonable allegations fall far short of the high bar required to establish bias or partiality on the part of the Court. *See Liteky*, 510 U.S. at 555; *Mobley*, 971 F.3d at 1205. Similarly, Plaintiff's suggestion that the Court simply ignored his filings is belied by the written Orders in this case (*see, e.g.*, ECF No. 75 at 1 n.1 ("The Court has read all the pleadings . . . ."); *id.* at 9–14 (addressing each of Plaintiff's objections to the Magistrate Judge's recommendation)). Moreover, Plaintiff's request for supplemental briefing to identify additional "examples of bias, negligence, legal/factual errors, and misleading statements" is improper, since the grounds were apparently known to him at the time of the instant motion's filing and could have been set forth therein (ECF No. 77 at 7).

Accordingly, Plaintiff's motion for the recusal of the currently assigned Magistrate Judge and District Court Judge is DENIED.

### b.  Under Fed. R. Civ. P. 59(e), 60(a), or 60(b), revocation of final judgment is unwarranted.

Plaintiff also moves pursuant to Fed. R. Civ. P. 60(a) and 60(b) to vacate the final judgment entered on March 24, 2023 (*see* ECF No. 76). In so moving, Plaintiff argues that "a large portion of Plaintiff's arguments were not weighed or considered by either the Magistrate Judge or the District Court Judge" and, because the Court has not yet reviewed Plaintiff's arguments to his

4

satisfaction, "these matters are not ripe for review by the Appellate Court" (ECF No. 77 at 1–3). The Court is again unpersuaded.

Under Rule 60(a), a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Rule 60(a) is not designed to correct errors of substantive judgment, but rather, mistakes of inadvertence—as in typographical errors or mathematical computation errors—that arise "because the thing spoken, written, or recorded is not what the person *intended* to speak, write, or record." *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989) (emphasis in original). Here, Plaintiff has not identified any mistake of a type contemplated by Rule 60(a), and so his motion is DENIED on that ground.

Under Rule 60(b), a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" based on any of the following, specifically enumerated reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Rule 60(b) is designed to "attack[ ], not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the . . . proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Here, Plaintiff does not identify any defect in the integrity of the proceedings, but instead claims that the Court failed to weigh or consider his filings appropriately, and he expends great effort repeating the arguments from his earlier filings verbatim (*see* ECF No.

5

77 at 2, 3). In the Rule 60(b) context, this is plainly improper. *See Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) ("Rule 60(b) relief is not properly granted where a party merely revisits the original issues and seeks to challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood [the party's] position.") (citation and internal quotation marks omitted); *see also Hampton v. Vilsack*, 791 F.Supp.2d 163, 166 (D.D.C. 2011) (denying Rule 60(b) motion, where motion merely repeated party's prior arguments and failed to cite any reason to disturb the court's earlier ruling); *In re Deepwater Horizon*, 934 F.3d 434, 446 (5th Cir. 2019) (trial court did not err in denying Rule 60(b) motion, where motion repeated the same arguments earlier raised in the party's appeal of the magistrate judge's correct decision). Accordingly, Plaintiff's motion, to the extent it relies on Rule 60(b), is also DENIED.

Alternatively, although Plaintiff does not himself allege this ground for relief, the Federal Defendants correctly observe that Plaintiff's motion may be more appropriately construed[1] as a motion to reconsider under Fed. R. Civ. P. 59(e) (ECF No. 82 at 4 n.2). *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) ("[R]egardless of how it is styled or construed . . . , a motion filed within [28] days of the entry of judgment that questions the correctness of the judgment is properly treated as a Rule 59(e) motion.") (citation omitted). Relief under Rule 59(e) may be granted if there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion is therefore

---

[1] Because Plaintiff proceeds *pro se* in this matter, the Court liberally construes his filings and holds them to less stringent standards than formal filings drafted by lawyers. *See United States v. Trent*, 884 F.3d 985, 993 (10th Cir. 2018).

appropriate "where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* However, a Rule 59(e) motion should not revisit issues already adequately addressed or advance arguments that could have been raised previously. *See id.*

Here, even construing Plaintiff's motion liberally, he fails to demonstrate that the Court misapprehended any material facts, his positions, or the controlling law in adopting the Magistrate Judge's recommendation to grant Defendants' motions to dismiss (ECF Nos. 42, 43). Rather, Plaintiff asserts in conclusory fashion that the arguments in his objection briefing were simply "unreviewed" or "ignored" by the Court (ECF No. 77 at 2, 3).[2] For two reasons, this assertion fails to persuade. First, in addressing Plaintiff's objections to the Magistrate Judge's recommendation, this Court need not have explicitly acknowledged and discussed every one of Plaintiff's contentions in order to have adequately evaluated his filings. *See Dade v. Wands*, No. 11-cv-00430-WJM-MJW, 2012 WL 1207150, at *1 (D. Colo. Apr. 11, 2012) ("There is no requirement for a court to specifically address each and every argument raised by a party in papers filed with the Court."); *accord Mainero v. Jordan*, 105 F.3d 361, 365 (7th Cir. 1997) ("Any of the issues . . . raised and not discussed . . . can be deemed to lack sufficient merit or importance to warrant individual attention."). Second, as discussed above, *see* III.a, *supra*, the Court did read and consider Plaintiff's earlier briefing. In sum, because Plaintiff has not alleged any circumstances warranting reconsideration under Rule 59(e), his motion is further DENIED on that ground.

---

[2] To the extent that Plaintiff expresses concern that the Court's alleged failure to explicitly acknowledge and discuss each and every one of his arguments might not preserve the issues for appeal to the Tenth Circuit (*see* ECF No. 77 at 2, 3), the Court reassures Plaintiff that "as long as a party sufficiently raises an issue before the district court, the issue will be preserved for appeal even if the district court did not specifically address the issue." *Dade*, 2012 WL 1207150, at *1.

### c. Without grounds to revoke the final judgment, Plaintiff's other requests for relief are unwarranted.

Finally, Plaintiff moves for leave to file a Fourth Amended Complaint (ECF No. 77 at 8–12). As set forth above, however, the Court has denied Plaintiff's motion to vacate or set aside the entry of final judgment. In the absence of relief under Rules 59 or 60, Plaintiff is not entitled to amend his complaint. *See Seymour v. Thornton*, 79 F.3d 980, 987 (10th Cir. 1996) ("[O]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b).") (citation omitted). Accordingly, his motion for leave to file a Fourth Amended Complaint is DENIED.[3]

Similarly, Plaintiff moves for the Court to advise Defendants of two caselaw citations—one about the hazards of "dilatory practices," and another about the liberal construction of pro se pleadings—and to further instruct Defendants "to take reasonable actions to avoid the necessity of a Fifth Amended Complaint" (ECF No. 77 at 12–13). Because the final judgment will remain in force, however, Plaintiff's proposed advisement is unnecessary at this time. Accordingly, this request is also DENIED.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Opposed Motion for Revocation of Final Judgement [*sic*], Recusal of Magistrate Judge and District Court Judge, Leave to File Fourth Amended Complaint, and Request for Advisement to Defendants is DENIED in its entirety (ECF No. 77).

---

[3] As the Federal Defendants correctly note, Plaintiff's motion for leave to file an amended complaint also fails for the independent reason that Plaintiff has not presented the proposed pleading to the Court as required by D.C.COLO.LCivR 15.1(b), but only offers a bullet-point summary of proposed changes (*see* ECF No. 82 at 7).

DATED this 28th day of June 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

9